The next case today is 22-1206 Owen McCants v. Nelson Alves. Will Attorney Meisner please come up to the podium and introduce yourself? Good morning, Your Honor. It's Judith Meisner representing Owen McCants. May I reserve one minute for rebuttal, Your Honor? Yes, you may, Ms. Meisner. Thank you. In this case, the district court granted a certificate of appealability asking the following question. Whether the Supreme Judicial Court's decision in Commonwealth v. Balthazar, which created a new rule by concluding that the conduct prohibited under the Unnatural and Lascivious Acts Statute did not constitutionally include consensual private sexual activity, satisfies a condition set out by the Supreme Court in Teague for applying a new rule to collateral proceedings. And one of those Teague conditions for applying a new rule is that it places certain kinds of primary private individual conduct beyond the power of the criminal lawmaking authority to prescribe. And in this case, the answer to that question would be yes. Balthazar placed consensual sexual activity between adults, which surely qualifies as primary private individual conduct, beyond the power of criminal lawmaking. And it was a new rule because it was the first time that the Massachusetts courts had limited the scope of Section 35 to nonconsensual activity. So if this intervening change in state law rendered the conduct of conviction no longer criminal, it could provide a basis for the application of the actual innocence gateway, and the case should be remanded to the district court to consider whether that gateway applies and whether it should allow Mr. McCann's petition to proceed. Don't you need to convince us or convince the court that had an instruction been given at the trial that consensual conduct was not included in the charge, that there would have been a different result? I think that we have to, that the burden is to establish that there is a reasonable probability of that. And I think that the, we have to construe the pleadings in this case liberally, as Mr. McCann was proceeding pro se in the district court. And I think that proceeding pro se, looking at the complaint and the documents that are attached, the, we have met that burden. The court stated in its order of dismissal that you look to the facts in the pleadings, the documents that are attached as exhibits, you accept all factual allegations as true, and you draw reasonable inferences in the plaintiff's favor. And here, it would be the legal developments in Balthazar that provide the potential for an actual innocence claim. But without the 1974 record, including the transcript? There is no transcript. Right. So without that, how can you possibly show that there would have been a different result or there was a reasonable probability of a different result? Well, I think you can, there were a number of post-conviction proceedings in the state court. Not all of the pleadings in those cases were submitted to the district court. And perhaps in some of those pleadings, there are either additional facts that were set out by the parties and not contested. For example. But perhaps isn't our standard. Well, but if this court answers the question posed in the Certificate of Appealability and remands to the district court, then the district court can then make a determination as to whether or not the factual predicates for the actual innocence gateway do apply. I mean, in this case, you did have the charges based on the allegations that he had forced his way into an apartment, engaged in prolonged sexual assault and took some money before leaving, after taking their phone number and saying he would call. And that he was arrested the following day when he went to meet the women after calling to arrange a meeting. And his defense at trial was consent. And that was accepted. Based on the then current Massachusetts law, the court instructed on consent as to the rape charges that the Commonwealth has to prove lack of consent, but did not instruct the jury that consent was a defense to the charges of unnatural acts. He was acquitted after that of the two counts of rape and convicted on the two counts of unnatural acts. So if you take those facts. Counsel, excuse me, but the state court rejected the argument, the second of the arguments you've made, that the vacating, the acquittal on the rape charges necessarily meant that the conviction of unnatural acts had to fail. And they pointed out that the jury could well have found that this was unconsented to, but did not involve the level of force or violence involved in rape. So perhaps we should just put that aside. I have a different series of questions. I'm not sure why we would get into the actual innocence question, because Balthazar was decided by the SJC kind of decades before this issue was raised in federal court. And even if the argument is based on Balthazar, a habeas petitioner has an obligation to timely file a federal habeas complaint. And there is no way that any such argument was made on a timely basis. And you seem to accept that the argument was not timely, and the only exception you're arguing is actual innocence. Do you accept that the filing was untimely? I accept that the filing was untimely under the time limitation set out in 2244D. But we do maintain that the actual innocence exception provides a gateway as an exception to those time limits. And while there was no filing... Excuse me. Hasn't the Supreme Court, in cases where facts are later found establishing innocence, actual innocence, as opposed to the argument you make, that yes, then there's flexibility in the timing of the filing. But they have never gone so far as to accept the type of argument that you're making here. The Supreme Court has not specifically held that actual innocence can depend on a change in law, but in McQuiggan, which held that there was an exception to the time limitations for actual innocence, the court cited to Bowsley, and that was a case in which the court held that a change in law, limiting the scope of the conduct to which the statute applied, could provide a basis for a claim of actual innocence to excuse procedural default. And two circuit courts, the Ninth and the Sixth, have recognized that the actual innocence gateway applies where legal developments or judicial decisions changing the scope of conduct, criminalized, and rendering the statute inapplicable to the defendant's conduct, would warrant application of the actual innocence gateway. Going back to Judge Kayada's question, did either of those cases involve a situation where, because of the petitioner's delay in filing the habeas petition, no records existed any longer, which would have permitted the petitioner to show prejudice? No, those cases did not involve the same kind of delay, but I would also point out that there was no vehicle for a federal habeas petition for Mr. McCance until 2013, when the Supreme Court recognized this exception in McQuiggan. Thank you. Good morning. May it please the Court. Assistant Attorney General Tara Johnston on behalf of the respondent. This Court can and should affirm the dismissal of Mr. McCance's habeas petition, because he was not in custody on his behalf. He was in custody until his May 1974 convictions, at the time he filed his petition. And the Supreme Court's holding in Lackawanna v. Coss otherwise bars relief. And the respondent's position is that we need not even get to the actual innocence question here, because it is clear that Mr. McCance is not in custody. Counsel, suppose, excuse me, I'm not certain why you chose this as your lead argument. It is not nearly so clear. So could you address, in the limited time you have, the timing question and the actual innocence exception questions? Of course, Your Honor. Putting aside the custody issue, the question is here, Mr. McCance cannot, it is clear that his habeas petition is time-barred. He does not qualify for, there is no basis here for equitable tolling. And he cannot satisfy the actual innocence exception on any basis. Mr. McCance's entire claim is based on, he has not presented any new evidence, and his entire claim of innocence is based on the fact that the jury acquitted him on the rape charges. However, as noted in the respondent's brief, a mixed jury verdict is certainly not evidence. And as found by the Massachusetts Appeals Court, the fact that the jury acquitted Mr. McCance on the rape charge, that the jury would have found consent if they had been given a consent instruction with respect to the unnatural and lascivious acts charges, because of the acquittal on the rape charges is based on nothing more than speculation. All we can know from the jury's acquittal on the rape charges is that they did not find every element of that offense beyond a reasonable doubt. Without a transcript, a reconstructed record, due in large part to Mr. McCance's 40-year delay in even broaching this subject in a motion for new trial, it's impossible to know what motivated the jury's verdict. And as pointed out by this Court already, Mr. McCance has not cited any federal case from any jurisdiction where, in similar circumstances, the Court has found that a petitioner has satisfied the actual innocence exception. Although Mr. McCance argues that, or seems to argue that timeliness is not a factor in McQuiggan v. Perkins, the Court noted that while, with respect to an actual innocence claim, timing is certainly not dispositive on the question, it is a factor that the Court can consider in determining whether the petitioner has met the very, very high burden of establishing actual innocence set forth in McQuiggan and Schlecht v. Dello, which the Supreme Court has said is confined to a very severely narrow category of cases, and which in House v. Bell was characterized by the Supreme Court as extraordinary. Here it appears apparent that Mr. McCance has not satisfied that standard. As this Court has already noted also, the SJC Balthazar decision was decided only six months after Mr. McCance's conviction. Also, with respect to Mr. McCance's argument that this Court's decision in Balthazar is some basis for his actual innocence claim, as noted in the Respondent's Brief, that is more a claim of legal innocence rather than factual innocence. And notwithstanding, his claim on that is unavailing, because Mr. McCance stands on very different footing than Balthazar did. Balthazar's conduct occurred before the Massachusetts Appeals Court decision in Commonwealth v. Deschamps, in which the Massachusetts Appeals Court clearly held in that case that nonconsensual fellatio was prohibited under the statute. Mr. McCance's conduct occurred after that case. If the Court has any other questions on the actual innocence argument, otherwise I will turn shortly to the custody argument, because the Respondent's position is that Mr. McCance is not in custody. On those May 1974 convictions, which appears clear, because the sentences on those convictions would have expired sometime before 1980. And that lack of want of versus cost, the Supreme Court's holding in that case, bars, otherwise bars relief. Because the lack of want of the Court may clear... Well, but isn't that the point? It bars, otherwise bars. In other words, you can't bootstrap a time-defaulted claim by saying it served as a predicate for a later claim. But here the argument is that the underlying claim is not time-defaulted, because it's an actual innocence claim. And therefore, lack of want of Daniels really wouldn't control. I think that's the argument. Well, I think that that's, well, one question is about time barred, but the other question, Judge, is about custody. And custody is a very different question. The actual innocence exception has never been applied to the in-custody requirement by any court in any jurisdiction. And the Supreme Court has made clear that a petitioner cannot collaterally attack an expired conviction on the basis that... Well, but you say expired, but that's the point. They're saying it's not expired because it's actual innocence. I don't think that any, from my knowledge, no court has ever found... Well, you have just said that there is no law on this. And you apparently want us to make law and tee up the issue for the Supreme Court, why one would choose to battle over this issue when you may have better arguments on it. And I think that the Supreme Court's position on other issues is a little beyond me. Okay. Yes, Your Honor. It does appear clear to the respondent that based on the Supreme Court's holding in lack of want, it does not bar relief. But I agree that, of course, here, Mr. McCance does not satisfy the actual innocence exception. And I don't know if there are any other questions from the court on that issue. But if there are none, then the respondent will respond as brief and urges this court to affirm the dismissal of the district court's dismissal. Thank you. Judith Meissner for Mr. McCance. I would like to point out that Mr. McCance did argue that his 1974 convictions were being used to enhance his 2002 conviction. And the 2002 conviction was for a habitual offender, was among them. And habitual offender requires as an element the prior convictions. So if they are elements of the habitual offender conviction, then he is serving, he is in custody on the sentence that he is currently serving, which is the life sentence for the habitual offender. Going back briefly to the question of the evidence, the Massachusetts Superior Court decision denying the motion for a new trial stated that both sides report evidence presenting that there is a trial of a prolonged overnight sexual assault of two roommates and that the defense was that the women consented. So if both sides reported that evidence and the court said nothing to suggest that Mr. McCance had challenged the evidence, there does not seem to be any basis other than consent to explain the acquittals on the rape charges. Well, it seems you need us to make a certain assumption about what the evidence was and then make a certain assumption that the jury verdicts on the different charges were consistent. And it's hard to see how we make both those assumptions without any record. Well, I'm just suggesting that these are reasonable inferences that could be drawn and that is the standard for dismissal and that it should be, that the district court should have an opportunity to make those inferences. And then determine whether or not the actual innocence gateway has been met. Thank you. Thank you.